IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TYLER FENDLEY                                                    PLAINTIFF

vs.                              Civil No. 6:22-cv-06102

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                    DEFENDANT

## MEMORANDUM OPINION

Tyler Fendley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on July 8, 2020.  (Tr. 16).  In these applications, Plaintiff alleges being disabled due to polymyositis, hypertension, ADHD, anxiety, depression, hypothyroidism, high cholesterol, a fatty liver, sleep apnea, and insomnia.  (Tr. 291).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff alleges an onset date of May 9, 2020. (Tr. 16). These applications were denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 32-60).

On July 22, 2021, the ALJ held an administrative hearing in Hot Springs, Arkansas. (Tr. 32-60). At this hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at the administrative hearing. *Id.* On July 22, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 13-31). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2024. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 8, 2020, his alleged disability onset date. (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: polymyositis, obesity, lumbar degenerative disc disease, bipolar disorder, anxiety disorder, and depression. (Tr. 18-19, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 22-25, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasional climbing, balancing, stooping, kneeling, crouching, and crawling, as those terms are defined by the Selected Characteristics of Occupations; cannot constantly use the upper extremities, but can frequently use the upper extremities to reach, handle, finger,

2

and feel; limited to simple, routine, and repetitive work; and limited to simple work-related decisions.

*Id.*  The ALJ determined Plaintiff was thirty-five (35) years old, which is defined as a younger individual under 20 C.F.R. § 404.1563(c) (2008) and 416.963(c) (2008), on his alleged disability onset date.  (Tr. 25, Finding 7).  The ALJ determined Plaintiff had at least a high school education.  (Tr. 25, Finding 8).

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW").  (Tr. 25, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 26-27).  The VE testified at an administrative hearing regarding his ability to perform other occupations.  *Id.*

Specifically, the VE testified Plaintiff retained the capacity to perform the following sedentary, unskilled occupations: (1) addressor with 10,000 such jobs nationally; (2) telephone quotation clerk with 5,000 such jobs nationally; and (3) document preparer with 60,000 such job nationally.  (Tr. 26-27).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from May 9, 2020 through the date of his decision or through July 27, 2021.  (Tr. 27, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-7).  The Appeals Council denied this request on August 17, 2022.  *Id.*  Thereafter, on September 21, 2022, Plaintiff appealed his administrative case to this Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 21, 2022.  ECF No. 5.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 13, 15.

## 2.   <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding he did not meet Listing 14.05 for his polymyositis and dermatomyositis; and (B) the ALJ erred in evaluating his subjective complaints. ECF No. 13 at 1-15. The SSA has responded to Plaintiff's claims and argues there is no basis for reversal. ECF No. 15.

**A.  Listing 14.05**

Plaintiff claims the ALJ improperly found his impairments did not meet the requirements of Listing 14.05: polymyositis and dermatomyositis. There are five different subparts of Listing 14.05 (A to E). According to his briefing, it appears Plaintiff claims his impairments meet the requirements of Listing 14.05E[2]: "Repeated manifestations of polymyositis or dermatomyositis,

---

[2] Plaintiff references some of the other subparts also, but he does not provide full argument on any of these subparts. Because each subpart has its own requirements, Plaintiff must separately argue as to each subpart in order to meet his burden. Otherwise, without the proper briefing, his

with at least two of the constitutional systems or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: 1. Limitation of activities of daily living.  2. Limitation in maintaining social functioning.  3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace."

Plaintiff has the burden to prove his impairments meet all of the required criteria in Listing 14.05E.  *See Sullivan v. Zebley,* 493 U.S. 521, 530 (1990).  In the present action, Plaintiff has not demonstrated he has any of the requisite "marked" limitations in one of the three areas:  1. Limitation of activities of daily living.  2. Limitation in maintaining social functioning.  3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

With regarding to Plaintiff's activities of daily living, the ALJ noted Plaintiff drove, used a smart phone and social media, went to church at least once a month, and was able to take care of himself without reminders, take out the trash, and manage funds.  (Tr. 24).  With regard to social functioning, the ALJ reasonably concluded Plaintiff only had a mild limitation noting in particular that Plaintiff got along with others, spent time with friends and family, attended church, dealt properly with authority, lived with others, and had a good rapport with care providers who described him as pleasant and cooperative.  (Tr. 21).

Finally, with regard to concentration, persistence, or pace, the ALJ reasonably concluded Plaintiff was only moderately limited, noting his ability to drive, manage funds, handle his own

---

argument should dismissed.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting an argument regarding the Listings "out of hand" because the plaintiff did not provide sufficient briefing and only made a conclusory assertion that the ALJ failed to consider one of the Listings).

medical care, and attend church.  (Tr. 21).  Thus, the Court finds Plaintiff has not met his burden of demonstrating that he meets the requirements of Listing 14.05E.

### B.  Subjective Complaints

Plaintiff claims the ALJ erred in evaluating his subjective complaints.  ECF No. 13 at 10-15.  Specifically, Plaintiff claims the ALJ discounted his subjective complaints based upon his medical records alone.  *Id.*  The Court notes that in assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Here, Plaintiff contends the ALJ discounted his subjective complaints based upon his medical records alone.  This is, however, simply not accurate.  Instead, the ALJ considered the *Polaski* factors as outlined above and noted the following:

> The allegations of totally disabling limitations are not consistent with the overall record outlined herein. The examinations in the treating record discussed earlier are consistent with claimant's improvement with treatment. Claimant also acknowledged doing better with medication. He also drove and used a smartphone and social media. He noted that he is able to go to church at least once a month and gets along with people. (Hearing Testimony). In his function report the claimant noted that he is able to take care of himself without reminders, take out of the trash, drive, manage funds, and attend church. (4E). This overall record support the conclusion claimant can perform a modified range of sedentary work activity.

(Tr. 24).  Accordingly, the Court cannot find a basis for reversal on this issue.  *See Johnson v. Colvin,* 788 F.3d 870, 872 (8th Cir. 2015) (deferring to a credibility determination by an ALJ as long as that determination is supported by "good reasons" and "substantial evidence").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is

supported by substantial evidence in the record.  As such, this case is affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of April 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE